# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:19-po-00008-SAB |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE |
| v. | (ECF Nos. 11, 13) |
| DAVID ELIZARRARAZ, | |
| Defendant. | |

Currently before the Court is David Elizarraraz' ("Defendant") motion to continue the trial of this matter.

**I.**

**BACKGROUND**

On October 6, 2018, Defendant received a citation for failing to comply with a traffic control device in violation of 36 C.F.R. § 4.12 while driving in Sequoia National Park. The citation alleges that Defendant crossed over the double yellow center lines by approximately two feet while driving.

This action was filed on February 6, 2019. Defendant made an initial appearance on the citation on February 21, 2019 and pled not guilty. A status conference was set for March 21, 2019, and was continued at Defendant's request. Defendant appeared with counsel at the status conference on May 16, 2019, and the matter was set to proceed to a bench trial on August 22, 2019.

On August 19, 2019, Defendant filed a motion to continue the trial of this matter and the

Government filed an opposition the same day. The Court heard oral argument on August 20, 2019. Counsel Joseph Barton appeared for the United States of America ("the Government"), and counsel Matthew Lemke appeared for Defendant. Having considered the moving and opposition papers, the declarations and exhibits attached thereto, and arguments presented at the August 19, 2019 hearing, the Court issues the following order.

## II.

## LEGAL STANDARD

The Ninth Circuit has set forth the following factors that a court is to consider in determining whether to grant a motion to continue the trial in a criminal action: 1) the defendant's diligence in preparing his defense prior to trial; 2) whether delaying the trial would satisfy the need for the continuance; 3) the inconvenience to the court and the Government; and 4) the extent that the defendant would suffer harm absent the continuance.[1] United States v. Zamora-Hernandez, 222 F.3d 1046, 1049 (9th Cir. 2000); United States v. Tham, 960 F.2d 1391, 1396 (9th Cir. 1991); United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir.1985). The fourth factor is the most critical. Zamora-Hernandez, 222 F.3d at 1049. "A district court's decision to grant or deny a continuance is reviewed for abuse of discretion," and "[t]here is no abuse of discretion unless the denial was 'arbitrary or unreasonable.' " United States v. Moreland, 622 F.3d 1147, 1158 (9th Cir. 2010).

## III.

## DISCUSSION

Defendant seeks a continuance of trial to further investigate his defense based on recently disclosed discovery material. Defendant contends that on August 16, 2019, the Government disclosed an investigation activity report that included interviews with several witnesses as well as additional information. Defendant states that this report contains information that was not

---

[1] The Ninth Circuit has set forth the standard on review for a motion to continue in numerous cases and the Government relies on United States v. Fowlie, 24 F.3d 1059 (9th Cir. 1994) in which the court balanced whether: (1) the continuance would inconvenience the witnesses, the court, counsel, or the parties; (2) other continuances have already been granted and how the requesting party used that extra time; (3) legitimate reasons exist for the delay; (4) the delay is the requesting party's fault; and (5) a denial would prejudice the requesting party. Fowlie, 24 F.3d at 1069. The Court uses the standard set forth more recently in United States v. Zamora-Hernandez, 222 F.3d 1046 (9th Cir. 2000).

previously disclosed in other discovery. Defendant seeks a brief continuance to contact the witnesses prior to trial and contends that he will suffer significant prejudice if the request is denied.

The Government counters that all evidence that it intends to present at trial was produced over five months ago and that the "newly produced" evidence was in response to Defendant's complaint that the ranger was unprofessional during the traffic stop. Defendant contends that the report was produced in an abundance of caution and does not involve the offense that is at issue here.

### A. Investigatory Report

The report at issue here was prepared by Supervisory Ranger Ryan Thomas who was investigating Defendant's complaint against Ranger Beau Boulding. (ECF No. 13-1.) Defendant complained that during the traffic stop Ranger Boulding was overly aggressive. (Id.) During the investigation of the complaint, Ranger Thomas interviewed Defendant, Ranger Boulding, Defendant's son who was a passenger in the vehicle at the time of the stop, and Ranger Chaylnn Passmore who responded to the location after Ranger Boulding called for a second unit. Ranger Passmore was asked if Ranger Boulding was unprofessional and stated that it was a high stress situation with an uncooperative driver and bad radio communication and she did not believe that Ranger Boulding acted unprofessionally.

Ranger Thomas also spoke to Ranger Mike Denson regarding Defendant's original complaint of unprofessional conduct, and after reviewing the car camera footage and finding it to be completely blank, he contacted Ranger Chris Waldschmidt who confirmed that the cameras were not operational in the vehicles at the time of the stop but had recently been repaired.

At the August 20, 2019 hearing, Defendant identified several issues that he contends require further investigation and a denial of the request for a continuance would result in severe prejudice.

First, the report indicates that there was video from the cameras in the rangers' vehicles but that all video was blank. Defendant requests that the videos be produced so that he can review it to ensure that it did not record some period of the incident. The Government responded

that it believes that the video does not exist and in response to the request for the video it was informed that it was just a blank screen. The Court does not find that the video itself would be an independent basis to continue the trial of this matter. While Defendant argues that Ranger Boulding was unprofessional during the incident, the issue for this Court is whether Defendant drove over the double yellow line. However, as discussed below, the Court shall grant a continuance of the trial, and Defendant may propound a request for the video to review prior to trial.

Second, Defendant argues that the report indicates that Plaintiff spoke with his neighbor who indicated that Ranger Boulding was inexperienced and made negative comments about him. The Court is unpersuaded by defense counsel's argument that he was unable to discover the identity of the witness until the report was disclosed. Defendant told Ranger Thomas on March 1, 2019, that his neighbor had told him that Ranger Boulding was unprofessional and inexperienced. Defendant was aware of the statements that his neighbor had made and, even if unaware of his neighbor's name, would have been aware of where he lived. Although current defense counsel recently was assigned to this action, Defendant has been represented by the Federal Defender since his initial appearance on February 21, 2019. Therefore, any failure to investigate these statements prior to receiving the investigative report weighs against a continuance of the trial.

Third, Defendant argues that the report discloses that Ranger Boulding contacted the Tulare County Sheriff's Department after the incident regarding potentially having Defendant's concealed weapons permit revoked. Defendant seeks to further investigate this contact to discover if there is a potential of bias or to impeach Ranger Boulding's credibility. However, Ranger Boulding admitted contacting the Sheriff's department for the purpose of potentially seeking to have the concealed weapons permit revoked. While evidence of bias and credulity are relevant, the issue for this court to resolve at the trial is whether Defendant crossed over the double yellow line. The fact that Ranger Boulding contacted the Tulare County Sheriff's Department for potentially seeking to have Defendant's concealed weapons permit revoked has limited relevance based on the circumstances alleged here. No prejudice can be shown from the

failure to confirm the fact with the Sheriff's department as Defendant is free to argue the relevance of the conduct at trial should it be raised.

The Court finds that Defendant has failed to show that he would suffer any prejudice from a continuance based on the information disclosed in the investigatory report. The disclosure of the investigatory report itself is insufficient to establish good cause for a continuance of the trial of this matter.

**B.     Prior Conviction**

During the August 20, 2019 hearing, Defendant raises a new issue that was not addressed in the filed motion. Defendant contends that it was disclosed that Ranger Boulding had a prior conviction and that further discovery of this is required as potential impeachment evidence. The Government argues that this information had been disclosed over two weeks ago and defense counsel had not demonstrated diligence in seeking discovery on the issue and that the circumstances of the offense did not show that the conviction was an impeachable offense.

The Government states that the prior offense cannot be used for the purposes of impeachment. The Government asserts that in 2013, prior to being hired, Ranger Boulding swerved to avoid a deer and hit a fence. He left the scene to go get a vehicle to tow his disabled vehicle and when he returned his vehicle had been towed. He was charged with hit and run and it was later reduced to disorderly conduct.

While it may be that the offense itself is not admissible for the purposes of impeachment, "[t]he government has an obligation under Brady v. Maryland to provide exculpatory evidence to a criminal defendant. United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004). Information that falls within Brady and Giglio v. United States, 405 U.S. 92 (1972) "includes 'material . . . that bears on the credibility of a significant witness in the case." Blanco, 392 F.3d at 387. The Court is troubled by the disorderly conduct charge and it is not clear that it could not be used for the purposes of impeachment. Defendant is entitled to discovery on this issue to determine if the conviction can be used to impeach the credibility of Ranger Boulding. The government properly disclosed this information when discovered, but does not believe that the information is admissible to impeach the ranger based upon the nature of the offense.

While the Government argues that Defendant was not diligent in conducting discovery, the conviction was just disclosed a little over two weeks ago and the Government did not provide the documents underlying the conviction. The defendant has a right to discover whether this information is in fact admissible for purposes of impeachment and because the government does not have additional information in its possession any documents to assist the defendant, the defendant will be required to investigate the matter on its own and through third party sources.[2] The Court finds that Defendant has established good cause to continue the hearing to conduct discovery on the prior conviction of Ranger Boulding.

## V.

## CONCLUSION AND ORDER

The Court finds that Defendant has established good cause to continue the trial of this matter to conduct discovery on the prior conviction of Ranger Boulding.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for a continuance of the trial is GRANTED;
2. The Government shall assist Defendant in obtaining the information on Ranger Boulding's prior conviction;
3. The bench trial of this matter set for August 22, 2019, is CONTINUED to **September 24, 2019, at 9:00 a.m.,** in Courtroom 9 and Defendant shall personally appear at the trial of this matter;

///
///
///
///
///
///

---

[2] The Court does note that the government may attempt to facilitate any production so as to mitigate the length of the continuance, but is presently under no independent order to produce this information since it is not in the government's possession as proffered by the government at the hearing. Hence, the obligation of the defendant to acquire this information from a third party source.

4. A briefing schedule for motions *in limine* is as follows:

    a. Motions *in limine* shall be filed on or before **September 5, 2019**;

    b. Oppositions to a motion *in limine* shall be filed on or before September 12, 2019; and

    c. Oral argument on motions *in limine* is set for September 19, 2019 at 10:00 a.m. in Courtroom 9.

IT IS SO ORDERED.

Dated: **August 20, 2019**

UNITED STATES MAGISTRATE JUDGE